IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 9:06-CR-6-(1) |
| | § | |
| MITCHELL LYNN GARRETT | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed August 26, 2014, alleging that the Defendant, Mitchell Lynn Garrett, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

Mitchell Lynn Garrett was sentenced on July 31, 2006, before The Honorable Ron Clark of the Eastern District of Texas after pleading guilty to the offense of Possession with Intent to Distribute Less Than 500 Grams of Cocaine (Count 3) and Felon in Possession of a Firearm (Count 4), both of which are Class C felonies. Count Three carried a statutory maximum imprisonment term of not more than 20 years, and Count Four carried a statutory maximum imprisonment term of not more than 10 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of VI, was 151 to 188 months. Garrett was subsequently sentenced to 151

months of imprisonment on Count Three, and 120 months imprisonment on Count Four, to be served concurrently, subject to the standard conditions of release, plus special conditions to include drug testing and treatment and a mandatory special assessment of $200. The Court granted a Motion for Sentence Reduction on February 19, 2009, and the imprisonment time on Count Three was reduced to 130 months, after lowering the offense level to 27. A second Motion for Sentence Reduction was granted on December 2, 2011, further reducing the imprisonment time on Count Three from 130 months to 110 months.

## II. The Period of Supervision

On August 26, 2013, Garrett completed his period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on August 26, 2014, alleging one violation of supervised release. Garrett is alleged to have violated the mandatory condition of release that he not commit another federal, state, or local crime. On June 5, 2015, Probation filed the First Amended Supervised Release Revocation Sentencing Options. The First Amended Supervised Release Revocation Sentencing Options corrected the maximum imprisonment sentence represented in the original options.[1]

---

[1] In light of the First Amended Supervised Release Sentencing Options, the undersigned conducted a new revocation hearing.

## IV. Proceedings

On July 1, 2015, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

The petition alleges that Garrett was arrested on August 25, 2014, and charged with Bank Robbery. He is alleged to have robbed the Capital One Bank in Chireno, Texas on August 25, 2014. See United States v. Garrett, No. 9:14-CR-15-1 (E.D. Tex. April 24, 2015). At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. Garrett agreed to plead "true" to the only allegation in the petition that he committed another federal, state, or local crime while on supervised release.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offenses of conviction were Class C felonies; therefore, the maximum imprisonment sentence upon revocation is two years on each count, which can be ordered to be served consecutively, for a combined maximum term of imprisonment of four (4) years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that Mitchell Lynn Garrett violated conditions of supervision by committing Bank Robbery, he will be

guilty of committing a Grade A violation. U.S.S.G. § 7B1.3(a)(1) indicates upon a finding of a Grade A or B violation, the Court shall revoke supervised release.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade A violation and a criminal history category of VI, the guideline imprisonment range is 33 to 41 months. Because the Defendant was on supervised release for two Class C felonies that have a maximum revocation sentence of two years per conviction, the statutory maximum imprisonment sentence upon revocation is 48 months. See United States v. Perkins, 396 F. App'x 86, 88 (5th Cir. 2010) (holding that a district court has the discretion to impose consecutive sentences on revocation).

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release. Counsel for the Defendant argued that the sentence of imprisonment imposed as a result of the supervised release revocation should run concurrently to the term imposed as a result of his bank robbery conviction.[2] Counsel based this argument on two factors: 1.) Garrett has a serious medical condition that was unknown at the time he entered into his guilty plea to the Bank Robbery offense, and 2.) the grounds for the revocation are the same grounds for a new federal conviction for which he was sentenced to a term of 125 months' imprisonment.

---

[2] Although the Guidelines specifically state that any term of imprisonment imposed upon the revocation of supervised release shall be ordered to run consecutively to any other sentence of imprisonment the Defendant is serving, Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. See United States v. Manning, No. 1:12–CR–34, 2012 WL 5928347, at *2 (E.D. Tex. Oct. 4, 2012) (citing United States v. Cade, 279 F.3d 265, 271 n. 2 (5th Cir. 2002); United States v. Montez, 952 F.2d 854, 859 (5th Cir. 1992); United States v. Headrick, 963 F.2d 777, 782 (5th Cir. 1992)).

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's sole allegation that he violated a mandatory condition that he not commit another federal, state, or local crime. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release and makes the same recommendation to the District Court.

## VII.  Recommendations

The court should find that the Defendant violated a standard condition of release by committing a new federal law violation, Bank Robbery, Eastern District of Texas Docket No. 9:14-CR-15-1.  The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  The undersigned recommends that the court impose a twenty-four (24) month term of imprisonment as to Count Three, and a three (3) month term of imprisonment as to Count Four—for a total term of imprisonment of twenty-seven (27) months.  These terms of imprisonment are to be served consecutively to the Defendant's underlying bank robbery conviction.[3]

The Defendant requested to serve his sentence at the Federal Correctional Institution in Beaumont, Texas, provided he can receive adequate medical care for his medical condition.  The undersigned recommends that the Defendant's request be accommodated, if possible.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report.

---

[3] To the extent this is deemed a variance from the 33-41 month advisory guideline range, the undersigned finds such variance is warranted.  The Defendant is already serving a substantial term of imprisonment (125 months) for the grounds of this revocation, and this sentence will run consecutively.  Although very serious, the Defendant's conviction for the new offense was the only alleged violation of his supervised release.  The Government did not object to the recommendation of the sentence, and it is a modest downward variance (6 months) from the low end of the advisory guideline range for the revocation.

The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 7th day of July, 2015.

_____
Zack Hawthorn
United States Magistrate Judge